UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| JEREMIAH CULOTTA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No.: 2:24-CV-139-DCLC-CRW |
| SULLIVAN COUNTY JAIL, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner in the custody of the Tennessee Department of Correction currently housed in the Sullivan County Jail, filed a pro se civil rights complaint under 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. Plaintiff's complaint is before the Court for screening in compliance with the Prison Litigation Reform Act ("PLRA"), *see* 28 U.S.C. §§ 1915(a) and 1915A, to determine whether it states a justiciable claim.

I.  **MOTION TO PROCEED *IN FORMA PAUPERIS***

Under the PLRA, a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). A review of Plaintiff's certified inmate trust account record demonstrates that Plaintiff lacks sufficient financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, the Court will **GRANT** Plaintiff's application to proceed *in forma pauperis* [Doc. 4].

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee, 37743 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee

of three hundred fifty dollars ($350.00) has been paid to the Clerk.  28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy.  This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     SCREENING OF COMPLAINT

### A.     Screening Standards

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune.  *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)."  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim.  *Twombly*, 550 U.S. at 555, 570.  Further, formulaic and conclusory recitations of the elements of

a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

**B.     Plaintiff's Allegations**

Plaintiff has been HIV positive for over twenty-five (25) years [Doc. 1 p. 3]. Plaintiff told staff members at the Sullivan County Jail of his diagnosis upon his arrest sixteen (16) months ago [*Id.* at 3–4]. Nonetheless, Plaintiff's condition has not been treated or monitored through laboratory testing [*Id.* at 4]. Nurse Stephanie and the doctor at the jail have told Plaintiff that even if they could "allow [Plaintiff] to get [his] labs done[,]" they could not treat Plaintiff or give him medication [*Id.* at 2, 4].

Aggrieved, Plaintiff filed the instant suit against the Sullivan County Jail, seeking monetary damages and "early release" if he is not transferred somewhere to receive treatment [*Id* at 5].

**C.     Analysis**

Plaintiff has named only the Sullivan County Jail as a Defendant in this action. But a jail is a building, not an entity subject to suit under § 1983. *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Sullivan County, however, is an entity subject to § 1983 liability, but only where a county policy or custom caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted

from "implementation of [its] official policies or established customs"). Here, Plaintiff maintains that he has not received testing or treatment for a serious medical condition because staff at the Sullivan County Jail are prohibited from providing him treatment [*See generally* Doc. 1]. Accordingly, the Court will permit this claim to **PROCEED** against Defendant Sullivan County, and the Clerk will be **DIRECTED** to update the docket to add Sullivan County as a Defendant.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. Plaintiff has set forth a plausible claim that Sullivan County has denied him adequate medical care, and this claim will **PROCEED**;

5. The Clerk is **DIRECTED** to add Sullivan County to the docket as a Defendant and send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Sullivan County;

6. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty-one (21) days of entry of this Order;

7. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

8. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packet, this action will be dismissed;

9. Defendant shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against it;

10. Defendant Sullivan County Jail is hereby **DISMISSED**; and

11. Plaintiff is **ORDERED** to immediately inform the Court and Defendant or its counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to

the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER:**

                                                      s/Clifton L. Corker
                                                      United States District Judge