UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | | |
|---|---|---|---|
| JEREMIAH CULOTTA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 2:24-CV-139-DCLC-CRW |
| | ) | | |
| SULLIVAN COUNTY, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## **MEMORANDUM OPINION**

Defendant Sullivan County filed a motion for summary judgment[1] in this pro se prisoner's civil rights action under 42 U.S.C. § 1983, alleging Plaintiff failed to exhaust his administrative remedies prior to filing suit [Doc. 16]. Plaintiff filed several responses and documents in opposition [Docs. 18, 28, 30], Defendant replied [Docs. 22, 31], and Plaintiff filed sur-replies [Docs. 33, 34]. Upon consideration of the parties' pleadings, the summary judgment evidence, and the applicable law, the Court finds that Defendant's motion [Doc. 16] should be **GRANTED** and this action **DISMISSED WITHOUT PREJUDICE**.

### I.   PLAINTIFF'S ALLEGATIONS AND PROCEDURAL BACKGROUND

When Plaintiff was arrested and incarcerated at the Sullivan County Jail (the "Jail"), he told staff members that he was HIV positive [Doc. 1 p. 3–4]. But while Plaintiff was housed at the Jail, his condition was not treated or monitored through laboratory testing [*Id.* at 4]. Plaintiff sought to grieve the issue through the Jail's administrative process by asking Lieutenant Cole to transfer him "to prison [] or a place to receive treatment" [*Id.* at 2]. Nursing staff told Plaintiff "that they can not [sic] treat [him] or give [him] [his] meds" [*Id.*].

---

[1] Defendant filed a motion to dismiss that the Court converted to a motion for summary judgment [*See* Docs. 16, 24].

Plaintiff subsequently filed this action, and the Court permitted Plaintiff to proceed on a denial-of-medical-care claim against Sullivan County [Doc. 6]. Shortly thereafter, Plaintiff was transferred to the Bledsoe County Correctional Facility, where he remains housed [*See* Doc. 8].

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a),(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

To establish an entitlement to summary judgment, the moving party must demonstrate that the nonmoving party cannot establish an essential element of his case for which he bears the ultimate burden of proof at trial. *Celotex*, 477 U.S. at 322. Once the motion is properly supported with competent evidence, the nonmovant must show that summary judgment is inappropriate by setting forth specific facts showing there is a genuine issue for trial. *Id.* at 323. That is, to successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010).

Failure to exhaust is an affirmative defense for which a defendant bears the burden of proof. *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012). Accordingly, when a defendant in a prisoner civil rights action moves for summary judgment on exhaustion grounds, he "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Id.* at 455–56 (citations and internal quotation marks omitted). Once a defendant has demonstrated that the plaintiff did not exhaust an available administrative remedy, "the burden shifts to the prisoner to come forward

with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (citation omitted); *see also Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225–26 (6th Cir. 2011) (finding once defendants put forth evidence of a valid administrative process, plaintiff must present evidence to rebut the availability of that remedy to defeat motion for summary judgment).

### III. RELEVANT PROOF

Plaintiff was in the Jail's custody from April 3, 2023, until he was released into Tennessee Department of Correction custody on September 15, 2024 [*See* Doc. 31-1 ¶ 7]. The Jail's "Inmate Handbook" instructs inmates on the Jail's grievance procedure, which permits a prisoner having "a complaint about a jail policy, practice, condition, or an employee, [to] complete a Grievance Form" on the kiosk within ten (10) days of the incident giving rise to the grievance [Doc. 16-3 p. 17]. There is also an appeal process, where "[i]f [the inmate] think[s] the answer to [his] grievance is unfair," he may appeal to the Administrative Lieutenant within five days of the answer to his grievance [*Id.*]. Plaintiff received a copy of the Jail's Inmate Handbook on April 19, 2024 [Doc. 16-4].

Plaintiff filed fifty-seven (57) grievances while housed at the Jail [Doc. 31-1 ¶ 9; Doc. 31-2]. Between July 23 and July 25, 2024, Plaintiff filed three grievances that referenced or alluded to his HIV status [Doc. 31-1 ¶ 10; Doc. 31-2 p. 19, 20]. Those grievances state as follows:[2]

> Nurse Stephanie wanted me to give her a week to see what can be done about me getting my labs done. I am needing to get back with her to find out if she was able to find anything out concerning (RYAN WHITE) program and me being able to receive my meds. Thanks.
>
> I need a copy of my medical records from johnson city at east tenn infectious disease center, also sign by a notary for clemency purposes. Thanks. I know

---

[2] The Court reproduces Plaintiff's grievances without corrections or alterations.

3

medical has some recent medical records proving my hiv status from ETIDC from state of franklin rd at johnson city location.  THANKS.

I have sign my 12 year sentence back in april.  I have a medical condition that nurse stephanie and the doctor says I can not be treated for while being housed here.  I need to be placed on the next train to prison.  PLEASE do whatever you can to make sure my judgments come back, so that I am on the next train.  I cant be trustee with the amount of tie that i have and i have already completed my M.R.T. and Parenting classes.  I need to be down the road to increase my chances of making parole my first time up.  THANKS.

[Doc. 31-1 ¶ 10; Doc. 31-2 p. 19, 20].  A response was issued to each grievance [*See* Doc. 31-2 p. 19, 20].  None of the three grievances were appealed [Doc. 31-1 ¶ 10].

## IV. LAW AND ANALYSIS

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  This mandatory exhaustion requirement is one of "proper exhaustion," which requires a plaintiff to complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006).  Thus, to properly exhaust his claims, a prisoner must utilize every step of the prison's procedure for resolving his grievance and follow the "critical procedural rules" in a manner that allows prisoner officials to review and, where necessary, correct the issues set forth in the grievance "on the merits." *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (quoting *Woodford*, 548 U.S. at 81, 95)).  "Exhaustion is required even if the prisoner subjectively believes the remedy is not available, . . . . and 'even where [the prisoners] believe the procedure to be ineffectual or futile. . . .'" *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (internal citations and citations omitted).

Defendant maintains that Plaintiff did not file any grievances concerning his federal claim, as none of the three grievances filed by Plaintiff complained about the lack of necessary treatment for Plaintiff's diagnosis [Doc. 22-1 ¶ 11; Doc. 33-1 ¶¶ 11, 12]. Plaintiff disagrees with this assessment, maintaining that these grievances contain an implied request for medical treatment and stating that he did not receive any HIV treatment at the Jail despite staff members' knowledge of his condition [Doc. 30 p. 2–3]. However, even if the Court were to consider the three previously-cited grievances filed by Plaintiff sufficient to properly raise Plaintiff's lack of HIV treatment at the Jail, the undisputed proof in the record is that Plaintiff never appealed the grievance responses in accordance with the Jail's administrative remedy process.[3]

Accordingly, no reasonable jury could find Plaintiff exhausted his available administrative remedies regarding the lack of HIV treatment at the Jail prior to filing this action, and Defendant is entitled to summary judgment.

## V. CONCLUSION

For the reasons set forth above, Defendants motion [Doc. 16] will be **GRANTED**, and this action will be **DISMISSED WITHOUT PREJUDICE**.

---

[3] Plaintiff contends that the grievance record produced by Defendant is incomplete [Doc. 33]. He claims he "did appeal several grievances" by (1) filing another written grievance [*See* Doc. 31-2 p. 18; Doc. 33 p. 4–5] and (2) verbally confronting a lieutenant with his requests [Doc. 33 p. 4–5]. But neither of these responses is an appropriate next step pursuant to the Jail's administrative remedy procedure [*See, e.g.,* Doc. 16-3 p. 17]. Moreover, these assertions are not sworn or submitted under penalty of perjury, and therefore, they may not be considered as summary judgment evidence. *See Worthy v. Michigan Bell Tel. Co.*, 472 F. App'x 342, 343–44 (6th Cir. 2012) (citing *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 239 n. 1 (6th Cir. 2010).
   Further, Plaintiff's argument that the appeal process is "optional" [Doc. 33] does not excuse his failure to exhaust, because the appeal process was an administrative remedy that was available that Plaintiff did not pursue. *See, e.g., Owens v. Keeling*, 461 F.3d 763, 770 n.4 (6th Cir. 2006) (providing that the use of permissive language, such as "may" in a prison's grievance policy "is irrelevant to the consideration of the exhaustion issue").

5

Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous, such that Plaintiff is **DENIED** leave to proceed *in forma pauperis* should he choose to file an appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/Clifton L. Corker
United States District Judge
